IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action No. |
| | ) | 15-6004-04-06/10-11/ |
| | ) | 20/23-24-CR-SJ-DGK |
| | ) | |
| FRANKLIN CHARLES CARTER, | ) | |
| STEVEN LEE SCHREIER, JR. | ) | |
| RONALD LOUIS ROBERTS, | ) | |
| TAYLOR LEE SYAS, | ) | |
| BRITTNEY JAMES BREHM | ) | |
| RODNEY EARL KING, | ) | |
| ANTHONY RAY STEVENSON, | ) | |
| PAULA RAE SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |

**SCHEDULING AND TRIAL ORDER**

**I. SCHEDULING CONFERENCE**

Present for a scheduling conference on July 29, 2015, were defendants Carter, Schreier, Roberts, Syas, Brehm, King, Stevenson and Scott, and their counsel Susan Hunt (04), James Brown (05), Lisa Nouri (06), Angela Hasty (10), Jackie Rokusek (11), Lance Sandage (20), Jeremy Weis (23), and Alex McCauley (24), and counsel for the government, Bruce Rhoades. The following matters were discussed at the scheduling conference:

**A.     DISCOVERY**

Defendants have prior convictions.
The Government has incriminating statements of defendant.
Evidence was obtained by search and seizure incident to federal search warrant, state search warrants, consent and arrest.
There is no electronic surveillance.
There were identification proceedings, use of lineups or photographs.

There are informants.
There have been inducements to witnesses.
There will be expert witnesses regarding narcotics testing and trafficking, firearms and financial analysis.
There is Brady or Giglio material.

**B.     DEFENSES**

Defendant does not anticipate a competency motion.
Defendant does not anticipate relying on a defense of insanity or diminished mental responsibility, and does not plan on filing motions under Rule 12.2 of the Federal Rules of Criminal Procedure.
Defendant does not anticipate an alibi defense.
Defendant is relying on the defense of general denial.

**C.     RELEVANT OFFENSE CONDUCT**

There is relevant offense conduct.
There is Rule 404(b) material.

**D.     JENCKS ACT**

Counsel for the government and defendants agreed to voluntarily provide Jencks Act material at least 14 days prior to trial.

**E.     DISCOVERY REQUESTED**

This proceeding constitutes a specific request by the defense and the government for all information covered by this proceeding.   In addition, during the conference, defense counsel requested all discovery to which defendant may be entitled pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence and the United States Constitution.   The government requested reciprocal discovery to which it is entitled pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence and the United States Constitution.

## II.   TRIAL SETTING

Defense counsel filed a motion requesting continuance of the trial setting.   As a result of the parties' discussion at the conference and a motion filed by defense counsel, the case is set for trial on the Joint Criminal Jury Trial Docket commencing on **May 31, 2016**.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the

court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendants in a speedy trial, provided the Court sets forth the reason for such finding. See 18 U.S.C. § 3161(h)(8)(A).

Given the reasons set forth in the motion for continuance and the parties' discussion at the scheduling conference, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to **May 31, 2016,** and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendant his right to effective assistance of counsel. The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

Based on the foregoing, defendant's Motion for Continuance filed on July 26, 2015 (Doc. No. 102), is GRANTED. This case is removed from the joint criminal jury trial docket which commences **August 17, 2015**, and is set for trial on the joint criminal jury trial docket which commences **May 31, 2016**. Pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and **May 31, 2016**, shall be excluded in computing the time within which this trial must commence.

In order to ensure that this case is ready for trial as scheduled, the following time schedule for discovery and pretrial filings is established:

> **PLEASE NOTE:** Even though a party may have indicated at the scheduling conference that it did not possess a particular category of documents or evidence, any evidence that comes within a party's possession or control or the existence of

which is known or by the exercise of due diligence may become known to counsel must be produced in accordance with the Court's Scheduling Order.

### III. DISCOVERY PROVIDED BY THE GOVERNMENT

**Within 14 days** from the date of this Order, the government shall disclose or make available for **inspection, copying or photographing** to defense counsel, the following information   within the possession, custody and control of the government or the existence of which is known or by the exercise of due diligence may become known to the attorney for the government:

A. **CONVICTIONS**

1. A copy of the prior criminal record of the defendant, if any, which is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

2. A written list of the defendant's prior felony convictions which the government intends to use for impeachment.

B. **STATEMENTS**

1. Any written or recorded statement, or copy thereof, made by the defendant which is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

2. The substance of any oral statement made by the defendant whether before or after arrest, to an attorney for the government, a Federal agent, or any other law enforcement officer.

3. The recorded testimony of the defendant before a Grand Jury which relates to the offense charged.

C. **OTHER DISCOVERY**

1. Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which are material to the preparation of the defendant's defense or are intended for use by the

government as evidence in chief at the trial, or were obtained from or belong to the defendant.

2. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

**D.   EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION**

1. Identify and provide a list of the physical or tangible evidence seized pursuant to a state or federal search warrant, consent of the defendant or of some other person or incident to the arrest of the defendant and as to each item described and identified provide the following:

    a. The location from which the evidence was seized;
    b. The date and time of the search and seizure;
    c. The name and address of the person(s) making the seizure;
    d. The name and address of any witness(es) to the seizures; and
    e. In lieu of items (a)-(d), the government can provide all reports relating to any search and seizures within its possession, custody, and control, the existence of which is known or by the exercise of due diligence may become known to the attorney for the Government.

2. Identify and list by date all electronic surveillance including any court ordered interceptions of oral or wire communications, consensual recordings of telephone conversations, body recorders, wiretaps, pen registers or trap and trace devices, video cameras, or bank surveillance cameras and provide the following:

    a. A description of the type of electronic surveillance;
    b. The location of the electronic surveillance;
    c. The date and time of the surveillance;
    d. Copies and transcripts of any recorded conversations;
    e. All videotape, including bank surveillance tapes; and
    f. All logs, notes, reports or other material relating to the electronic surveillance.

3. Disclosure of any identification procedure that has been used either by way of lineups or photographic or voice identification and for each such procedure provide the following information:

  a. The name and address of each identification witness;
  b. The method of identification;
  c. The specific items used in the identification procedure, i.e. photographs, tape recordings, etc.;
  d. The date and location of the identification procedure;
  e. The results of the identification procedure; and
  f. Notes, memorandum, reports and records regarding the identification procedure.

## IV. DISCOVERY PROVIDED BY THE DEFENDANT

### A. DOCUMENTS / REPORTS/ TESTS

Upon compliance with the government's discovery obligations under sections III.C.1. or III.C.2. above, the defendant shall permit the government to inspect, copy or photograph the following categories of material:

1. Any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

2. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

### B. ALIBI EVIDENCE

1. **Within 28 days from the date of this Order,** defendant shall serve upon the government a written notice of the defendant's intention to offer a defense of alibi. Such notice shall state the specific place of places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

2. **Within 14 days thereafter, but in no event less than 14 days before trial,** the government shall serve upon the defendant a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the

6

alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

3. If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished above, the party shall promptly notify the other party of the existence and identity of such additional witness.

### V. EXPERT TESTIMONY

A. **RULE 16(a)(1)(E) EXPERTS**

1. **No later than seven days prior to the pretrial conference,** the government shall disclose to the defendant a written summary of testimony that the Government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The written summary shall identify the witnesses, describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications.

2. **By the pretrial conference,** defendant shall disclose to the government a written summary of testimony that the defendant intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence as evidence at trial. The written summary shall identify the witnesses, describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications.

B. **MENTAL HEALTH EXPERTS/EVIDENCE**

1. **On or before September 21, 2015,** the parties must file any motion seeking to determine the defendant's mental competency pursuant to 18 U.S.C. § 4241.

2. **On or before September 21, 2015,** the defendant shall file a notice in writing which complies with the requirements of Rule 12.2 of the Federal Rules of Criminal Procedure stating:

    a. Whether the defendant intends to rely upon the defense of insanity at the time of the alleged offense; and
    b. Whether the defendant intends to introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing upon the issue of guilt.

3. If the defendant gives notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition, **on or before November 30, 2015,** the defendant shall identify the experts and provide a

summary of the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications.

4. If the defendant complies with the requirements of V.B.2. and V.B.3., **on or before February 1, 2016,** the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 as evidence at trial on the issue of the defendant's mental condition. The summary shall describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

## VI. EVIDENCE FAVORABLE TO THE DEFENSE

A. **BRADY EVIDENCE**

**Within 14 days from the date of this Order,** the Government is directed to disclose all evidence favorable to the defendant within the meaning of Brady v. Maryland.

B. **GIGLIO IMPEACHMENT EVIDENCE**

**No later than the Friday before the pretrial conference,** the Government is directed to disclose all evidence which may tend to adversely affect the credibility of any person called as a witness by the government pursuant to Giglio v. United States and United States v. Agurs, including the arrest and/or conviction record of each government witness, any offers of immunity or lenience, whether made directly or indirectly, to any government witness in exchange for testimony and the amount of money or other remuneration given to any witness.

**PLEASE NOTE:** The parties are to be prepared to disclose to the Court at the final pretrial conference in this case the method used to determine whether any favorable evidence exists in the government's investigative file. The government is advised that if any portion of the government's investigative file or that of any investigating agency is not made available to the defense for inspection, the Court will expect that **trial counsel for the government or an attorney under trial counsel's immediate supervision** who is familiar with the Brady/Giglio doctrine will have reviewed the applicable files for purposes of ascertaining whether evidence favorable to the defense is contained in the file. The Court considers such evidence to include evidence favorable to the accused which may have a bearing on guilt or punishment and evidence which adversely affects the credibility of any important government witness.

C. **ENTRAPMENT EVIDENCE**

**Within 14 days from the date of this Order,** the government is directed to provide discovery, inspection, and copying or photographing of any information

suggesting entrapment of the defendant which is within the possession, custody or control of the government or the existence of which is known or by the exercise of due diligence may become known to the government attorney.

**D.    WITNESS INDUCEMENTS**

**No later than the Friday before the pretrial conference,** the government is directed to provide written disclosure of:   (a) the names(s) and address(es) of the witness(es) to whom the government has made a promise; (b) all promises or inducements made to any witness(es); (c) all agreements entered into with any witness(es); and (d) the amount of money or other remuneration given to any witness(es).

**E.    INFORMANTS**

Unless the government has made a claim of privilege as to an informant, **no later than the Friday before the pretrial conference,** the government is directed to provide:   (a) the name(s) and address(es) of the informant(s); (b) all promises or inducements to the informant(s); (c) all agreements entered into with the informant(s); (d) the amount of money or other remuneration given to the informant(s); (e) identification of the informant's prior testimony; (f) evidence of psychiatric treatment; (g) evidence of the informant's narcotic habit; and (h) the name, address and phone number for the lawyer(s) for the informant(s) if represented by counsel.   If an informant objects to the disclosure of his or her address, the government shall produce the informant to defense counsel for a determination of whether or not the informant will consent to an interview.

## VII.   PRETRIAL FILINGS

**A.    PRETRIAL MOTIONS**

**On or before December 21, 2015,** the parties shall file any relevant pretrial motions.   Any suggestions in opposition shall be filed **within 14 days of the motion unless otherwise ordered by the Court.**    For defendants who are represented by counsel, the Court will only accept pretrial filings made by counsel. Pro se filings **will not** be accepted for defendants who are represented by counsel.

**B.    RELEVANT OFFENSE CONDUCT**

**Within 14 days of trial or a change of plea hearing**, the government is directed to disclose all information in its possession on which it will rely to establish "relevant offense conduct" or to establish an upward departure under the Federal Sentencing Guidelines.

**C.    RULE 404(b) EVIDENCE**

9

The government is directed to provide written notice of all prior and subsequent acts and convictions intended to prove knowledge, intent or other elements identified in Rule 404(b) of the Federal Rules of Evidence **no later than the Friday before the pretrial conference.**

D. **WITNESS LISTS**

The government and the defendant are directed to supply in writing witness lists which shall include the name and address of each witness whom counsel intends to call in its case-in-chief, together with any record of prior felony convictions for such witness, **no later than the Friday before the pretrial conference.** If a new witness is discovered after counsel prepares its witness list, either prior to trial or during trial, counsel shall promptly notify opposing defense and provide the discovery identified above.

E. **EXHIBIT LISTS**

The government and the defendant are directed to supply in writing exhibit lists which shall include a description of each exhibit, pre-marked for identification, that counsel intends to offer in its case-in-chief **no later than the Friday before the pretrial conference.**

F. **MOTIONS IN LIMINE**

**No later than the Friday prior to the pretrial conference,** the parties shall file any motions in limine seeking to exclude evidence from trial. (Once the motion is filed, copies shall be faxed to opposing counsel and the Court.) Any suggestions in opposition to the motions in limine shall be filed **within seven days** after the motion is filed.

G. **STIPULATIONS**

Any proposed stipulations shall be provided in writing to opposing counsel and the Court **no later than the Friday before the pretrial conference.**

H. **STATEMENTS PRESENTING BRUTON ISSUES**

There are co-defendants and thus Bruton issues.

## VIII. WITNESS ADDRESSES

In lieu of providing the address of any witness required by this Order, counsel for the government or defendant may produce the witness for interview by opposing counsel.

## IX. CERTIFICATE OF COMPLIANCE

**Prior to the pretrial conference**, counsel for the government and for each defendant will sign and file with the Court a certificate indicating that counsel has produced all discovery in accordance with the deadlines established in the Scheduling Order and has timely complied with all pretrial filing deadlines up to the date of the pretrial conference.

**IT IS SO ORDERED.**

                                        */s/ JOHN T. MAUGHMER*
                                        JOHN T. MAUGHMER
                                       United States Magistrate Judge

Kansas City, Missouri